UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MARIA VIRGINIA SEQUEIROS

               Plaintiff,

- against -

LATAM AIRLINES GROUP, S.A.,

               Defendant.

------------------------------------------------------------------- x

Case No.: 1:20-cv-00435 (FB) (VMS)

**ANSWER TO VERIFIED COMPLAINT**

Defendant LATAM AIRLINES GROUP S.A. ("LATAM"), by and through its counsel, Condon & Forsyth LLP, as and for its Answer to Plaintiff's Verified Complaint, states upon information and belief as follows:

### AS TO THE FIRST ALLEGED CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Verified Complaint.

3. Denies the allegations contained in Paragraph 3 of the Verified Complaint.

4. Denies the allegations contained in Paragraph 4, except admits that LATAM is a foreign corporation authorized to do business in the State of New York.

5. Denies the allegations contained in Paragraph 5, except admits that LATAM is a business entity doing business within the State of New York.

6. Denies the allegations contained in Paragraph 6 of the Verified Complaint, except admits that LATAM is transacting business in the State of New York.

7. Denies the allegations contained in Paragraph 7 of the Verified Complaint, except admits that LATAM operates an airline.

8. Denies the allegations contained in Paragraph 8 of the Verified Complaint, except admits that LATAM is a common carrier.

9. Denies the allegations contained in Paragraph 9 of the Verified Complaint.

10. Denies the allegations contained in Paragraph 10 of the Verified Complaint.

11. Denies the allegations contained in Paragraph 11 of the Verified Complaint.

12. Denies the allegations contained in Paragraph 12 of the Verified Complaint.

13. Denies the allegations contained in Paragraph 13 of the Verified Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Verified Complaint.

15. Denies the allegations contained in Paragraph 15 of the Verified Complaint.

16. Denies the allegations contained in Paragraph 16 of the Verified Complaint to the extent that it contains an allegation and refers all questions of law contained in Paragraph 16 of the Verified Complaint to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Verified Complaint.

## AS TO THE SECOND ALLEGED CAUSE OF ACTION

18. Answering paragraph 18 of the Verified Complaint, Defendant LATAM repeats, reiterates and realleges each and every admission and denial in paragraphs 1 through 17 of the Answer with the same force and effect as if herein set forth in full.

19. Denies the allegations contained in Paragraph 19 of the Verified Complaint.

20. Denies the allegations contained in Paragraph 20 of the Verified Complaint.

21. Denies the allegations contained in Paragraph 21 of the Verified Complaint.

22. Denies the allegations contained in Paragraph 22 of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Verified Complaint fails to state a cause of action against LATAM upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. The damages alleged in the Verified Complaint were not proximately caused by any negligence, want of care, or other culpable conduct on the part of LATAM.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by LATAM or by any person for whom LATAM is responsible.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's damages, if any, were caused or contributed to by plaintiff's own fault, assumption of risk, and want of due care, and any liability or responsibility for damages sustained by plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. Any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. This Court lacks personal jurisdiction over LATAM.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff failed to mitigate her damages, if any, and, therefore plaintiff is barred from recovering any such damage against LATAM.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30. That Plaintiff's claims are barred because of the failure to join necessary and indispensable parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. To the extent that any of Plaintiff's injuries are alleged to have occurred at any premises or real property allegedly owned by LATAM, LATAM is not liable for the alleged damages because LATAM does not have control over or supervision of the premises where Plaintiff was injured.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. The incident and damages alleged in the Verified Complaint were caused by an unforeseeable or unavoidable condition, occurrence, force or accident beyond the control of LATAM and its respective employees, agents, servants or representatives and for which LATAM is not liable or responsible.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. LATAM did not have actual or constructive notice of any defect or dangerous condition.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. The damages alleged in the Verified Complaint, if any, were the result, in whole, or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their

agents, or employees, or others unknown at this time over whom LATAM had no control at any relevant rime hereto, and, in the event LATAM is found liable to plaintiff, which liability is expressly denied, LATAM will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. Pursuant to LATAM's tariff on file with the United States Department of Transportation, as well as the conditions of carriage set forth in the relevant contract of transportation, LATAM is not liable for plaintiff, or, in the alternative, its liability is limited.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36. Upon information and belief, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL 33292734, and the rights of the parties to this litigation are governed by the provisions of said Montreal Convention.

37. LATAM is not liable to plaintiff because the alleged injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

38. LATAM repeats, reiterates, and realleges each and every allegation in Paragraph 36 of this Answer with the same force and effect as if set forth in full.

39. All or part of the damages allegedly sustained by plaintiff were caused in whole or in part by the negligence or other wrongful act or omission of plaintiff.

40. As a result, plaintiff's damages, if any, should be diminished in accordance with

the degree of culpability and fault attributed to plaintiff, in accordance with Article 20 of the Montreal Convention.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. LATAM repeats, reiterates, and realleges each and every allegation in Paragraph 36 of this Answer with the same force and effect as if set forth in full.

42. The liability of LATAM, if any, is limited in accordance with the provisions of Article 21 of the Convention.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

43. LATAM repeats, reiterates, and realleges each and every allegation in Paragraph 36 of this Answer with the same force and effect as if set forth in full.

44. Pursuant to Article 29 of the Montreal Convention, to the extent the Complaint contains state law causes of action, such causes of action are preempted by the Montreal Convention.

### AS AND FOR AN EIGHTHTEENTH AFFIRMATIVE DEFENSE

45. At all times relevant to this litigation, LATAM complied with all applicable laws, regulations and standards.

WHEREFORE, Defendant LATAM AIRLINES GROUP S.A. demands a judgment dismissing the Verified Complaint against it in its entirety or, alternatively, a judgment limiting its liability pursuant to the foregoing, together with the costs and disbursements of defending the within action and all other relief which this Court deems just and proper.

Dated: New York, New York
January 27, 2020

CONDON & FORSYTH LLP

By _____

        Anthony U. Battista, Esq. (AB0783)
        abattista@condonlaw.com
7 Times Square
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
*LATAM AIRLINES GROUP S.A.*

TO:    Jeffrey Schietzelt, Esq.
        Pena & Kahn, PLLC
        1250 Waters Place, Ste. 901
        Bronx, New York 10461
        *Attorneys for Plaintiff*
        *MARIA VIRGINIA SEQUEIROS*

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Zoila Cedeno, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in Queens, New York. That on the 27th day of January, 2020 deponent served the within Answer to Verified Complaint upon:

Jeffrey Schietzelt, Esq.
Pena & Kahn, PLLC
1250 Waters Place, Ste. 901
Bronx, New York 10461

via regular mail. Notice to all counsel of record will also be sent via the Court's electronic filing system.

_____
Zoila Cedeno

Sworn to before me this
27th day of January, 2020

_____
Notary Public

Mary Ann Rooney
Notary Public, State of New York
No. 01RO4872708
Qualified in Queens County
Commission Expires May 31, 2022