UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARIA VIRGINIA SEQUEIROS,          :
          :
          Plaintiff,        :
          :              **ORDER**
        -against-          :      20 Civ. 435 (FB) (VMS)
          :
LATAM AIRLINES GROUP, S.A.,      :
          :
          Defendant.     :
          :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court in this diversity action alleging negligence claims is Defendant's

opposed motion to preclude a witness as a discovery sanction.  See ECF Nos. 1, 37-38.  For the

reasons that follow, Defendant's motion is denied.  See ECF Nos. 37-38.

      FRCP 26(e)(1)(A) provides that a party who has made a disclosure under FRCP 26(a)

must supplement or correct its disclosure or response "in a timely manner if the party learns than

in some material respect the disclosure or response is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1)(A).  As relevant here,

FRCP 26(e)(1)(A)'s "otherwise" exception imposes "no obligation to provide supplemental or

corrective information that has been otherwise made known to the parties in writing or during the

discovery process, as when a witness not previously disclosed is identified during the taking of a

deposition[.]"  Fed. R. Civ. P. 26(e) Advisory Committee Notes to 1993 Amendments.  FRCP

26(e)(1) is thus not construed "in a manner that puts form over substance."  V5 Techs. v. Switch,

Ltd., 334 F.R.D. 615, 617 (D. Nev. 2020) (citations omitted); see Coleman v. Keebler Co., 997

F. Supp. 1102, 1107 (N.D. Ind. 1998) ("The duty to supplement imposed by Fed. R. Civ. P.

26(e)(1) does not require an application of form over substance."); Bankston v. Kansas City S.

Ry. Co., No. 03 Civ. 577 (CN), 2005 WL 8155221, at *4 (M.D. La. Oct. 17, 2005) (("[T]he duty

to supplement imposed by [FRCP] 26(e) should not require form over substance in this case.").

"[T]he analytical threshold for determining whether there has been a disclosure violation is

whether the opposing party had meaningful notice to prepare its case."  V5 Techs., 334 F.R.D. at

617; see Wells v. Berger, Newmark & Frenchel, P.C., No. 07 Civ. 3061, 2008 WL 4365972, at

*2-3 (N.D. Ill. Mar. 18, 2008) ("Testimony from [the witness] is not barred.  Her identity and

relevance to this litigation was 'made known' to [the defendant] during [the plaintiff's]

deposition.  . . . As a result, an amendment of [plaintiff's FRCP] 26(a) disclosures to include [the

witness] was not required, and [she] is not subject to exclusion."); Buffone v. Rosebud Rests.,

Inc., No. 05 Civ. 5551 (SBC), 2006 WL 2425327, at *3-4 (N.D. Ill. Aug. 21, 2006) ("This court

has repeatedly held that parties need not supplement [FRCP] 26(a)(1) disclosure of a witness, if

the witness is identified during deposition.") (collecting cases); Bankston, 2005 WL 8155221, at

*3-4 (finding that the plaintiff's counsel did not "blind-side" the defendants by failing to

formally supplement discovery response because the defendants otherwise learned about the

potential witness through the discovery process); Shimozono v. May Dep't Stores Co., No. 00

Civ. 4261 (WJR), 2002 WL 34373490, at *18 (C.D. Cal. Nov. 20, 2002) (noting that the

disputed witness was identified during a deposition as someone who worked with the plaintiffs'

expert, and holding that "[i]f [p]laintiff does not know the content of his potential testimony it is

because they failed to depose or attempt to depose the witness"); Coleman, 997 F. Supp. at 1107

(citing to FRCP 26(e)(1) and denying motion to strike affidavits submitted in opposition to

summary judgment from witnesses whose names were not included in supplemented initial

disclosures because the information was made known to the other parties during the discovery

2

process); <u>Rauenhorst v. United States</u>, 104 F.R.D. 588, 599 (D. Minn. 1985) ("It is somewhat inconsistent for the [defendant] now to assert that [interrogatory] answers were fraudulently incomplete or misleading when it failed to seek either informally or formally any supplementation of the answers.").  FRCP 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by [FRCP] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Defendant argues that Plaintiff's service of a supplemental FRCP 26(a)(1) disclosure in April 2022 to add her 17-year-old daughter as a potential witness pursuant to FRCP 26(e)(1)(A) is prejudicial to it such that Plaintiff should be sanctioned because, by that time, Defendant's eight experts had formulated their opinions without considering the daughter's testimony.  <u>See</u> ECF No. 37.[1]

The Court finds under FRCP 26(e)(1)(A)'s "otherwise" exception that Plaintiff was not required to supplement her FRCP 26(a) disclosures as to the daughter such that sanctions are not warranted.  For example, Defendant notes that Plaintiff testified at her deposition within the fact discovery period that she was traveling with twelve members of her family and friends when the contested incident occurred.  <u>See</u> <u>id.</u> at 2.   Defendant even attached Plaintiff's deposition transcript as an exhibit to this motion, showing that Plaintiff testified that her children were with her at the time of the alleged incident.  <u>See</u> <u>id.</u>, Exh. B at 101:23-102:14 (Plaintiff testifying that just prior to the incident Plaintiff turned around to talk to her children and that, just after the flight attendant grabbed her suitcase to rearrange the overhead bin, Plaintiff bent over to talk to

---

[1] Plaintiff explains that she has raised the potential witness, who is her half-sister, as her daughter.  <u>See</u> ECF No. 38.  The Court will refer to the potential witness as such.

her children and "next thing I know, I'm hit in the head"); id. at 132:2-6 (Plaintiff testifying that just after the incident, she could not make up her thoughts and was repeating herself, prompting her children to say, "You just said that, mom." ). Plaintiff and her husband both testified at their depositions that the daughter now named as a witness sat in their same row. See ECF No. 38 at 1. Plaintiff further points out that travel documents produced during the fact discovery period identified her daughter by name. See id. Because the daughter had been otherwise made known to Defendant during the discovery period, Plaintiff was not obliged to serve a formal supplement to disclose her identity. To the extent that Defendant claims that it wants to depose the daughter, this is because they failed to do so, not because it did not know about her.

Assuming, purely for the sake of argument, that FRCP 26(e)(1) required Plaintiff's supplemental disclosure and sooner, the Court notes that Plaintiff's motion opposition sets forth two credible justifications for her recent identification in the disclosure related to changed circumstances of her daughter's appropriateness to serve as a witness. See ECF No. 38 at 2. Since the close of fact discovery, the daughter obtained her driver's license and has recently had to take over many of Plaintiff's driving responsibilities due to Plaintiff's reduced ability to see at night because of the accident. See id. The daughter is thus a witness to recent developments, not just to the alleged accident. Plaintiff's other minor children witnesses have, over the course of this litigation, reached majority age and moved or are about to move out of state such that her recently-listed daughter appears more likely to be available to appear as a trial witness than these siblings. See id. Under these circumstances, the disclosure by FRCP 26 notice at this time is timely.

Plaintiff has represented that she does not object to Defendant noticing her daughter's deposition. See ECF No. 38. On or before May 31, 2022, the parties are to confer regarding

4

whether and when Defendant will depose the daughter and, if so, whether and to what extent any accommodations are necessary given that she remains a minor.  Plaintiff's counsel is to confirm that counsel is authorized to accept service of a subpoena on the daughter's behalf, or if not, to provide the best address for service.  By June 3, 2022, Defendant will file a letter stating the outcome of the parties' conference, including whether, to what extent and why the daughter's deposition may require modification to the operative discovery schedule to permit the parties to supplement expert reports or expert depositions based upon her testimony.  See, e.g., ECF No. 38 at 2 (Plaintiff observing that Defendant did not depose any other minor children fact witnesses such that its experts did not view it necessary to consider their testimony in formulating their opinions).

Dated:  Brooklyn, New York
        May 24, 2022

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge